# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1084V
Filed: December 1, 2017
UNPUBLISHED

| | |
|---|---|
| STEVEN ZEBOFSKY,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On September 28, 2015, Steven Zebofsky ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered injury to his right shoulder caused in fact by the influenza ("flu") vaccine he received on October 18, 2014. Petition at 1, ¶¶ 3, 11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On September 28, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for his right shoulder injury. On December 1, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $55,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---
[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

      Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $55,000.00 in the form of a check payable to petitioner, Steven Zebofsky.** This amount represents compensation for all damages that would be available under § 15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                    **s/Nora Beth Dorsey**
                                    Nora Beth Dorsey
                                    Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| STEVEN ZEBOFSKY, | ) | |
| | ) | |
| Petitioner, | ) | No. 15-1084V |
| | ) | Chief Special Master |
| v. | ) | Nora Beth Dorsey |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 28, 2017, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to damages in this case. Respondent now proffers that petitioner receive an award of a lump sum of **$55,000.00** in the form of a check payable to petitioner. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of **$55,000.00** as representing all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                Respectfully submitted,

                CHAD A. READLER
                Principal Deputy Assistant Attorney General

                C. SALVATORE D`ALESSIO
                Acting Director
                Torts Branch, Civil Division

                CATHARINE E. REEVES
                Deputy Director
                Torts Branch, Civil Division

                ALEXIS B. BABCOCK
                Assistant Director
                Torts Branch, Civil Division

                <u>s/Camille M. Collett</u>
                CAMILLE M. COLLETT
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C.  20044-0146
                (202) 616-4098

December 1, 2017